Ruffin, C. J.
 

 As the expense is nearly doubled by having two suits instead of one, it seems manifestly proper, that, when, by an amendment, the plaintiff can put his whole case into his original bill, he should be required to do so, and not be at liberty to allege it by piece-meal in different bills, as he finds his case pinching. Lord Redesdale lays it down, that, whenever the same end may be obtained by amendment, the Court will not permit a supplemental bill to be filed.
 
 Mit. Pl.
 
 60, 3rd
 
 Edition.
 
 In a subsequent passage, 164, he says if a supplemental bill be brought upon matter before the filing of the original bill, when the suit is in that stage of proceeding, that the bill may be amended, the defendants may demur ; and, though an authority is seldom necessary to him beyond his own, he cites in support of the position the case of
 
 Baldwin
 
 v.
 
 Mackon,
 
 3 Atk. 817, in which Lord
 
 Hordwicke, made
 
 a decision on the point. The same principle has been fully recognized by succeeding chancellors.
 
 Milner v. Harewood,
 
 17 Ves. 144.
 
 Knight
 
 v.
 
 Matthews,
 
 1 Mod. Rep. 569. In the present case, there is not a single new fact brought forward in the supplemental bill, excepting only the proceedings had in the original suit,
 
 *228
 
 which are brought forward merely to let it be seen, that the plaintiff had lost the protection of the injunction, and, thereby lay a ground to ask for the renewal of it. It is true, the supplemental bill charges that the original bill states untruly, that the plaintiff’s equity of redemption had been sold by the sheriff and became vested in William S. Murray in trust for the plaintiff, whereas he now says, that in truth the sheriff had no process against his property, and that the sale was therefore void: and this he charges to have cometo his knowledge since the orig > inal bill filed. But that is not material since the fact, whatever it be existed when the first bill was filed, and the knowledge of it, as the plaintiff now says it really is, was acquired by him at a time when, according to the course of the Ccurt, the case was open to amendment being before there was even replication to the answers. And it was peculiarly proper in this case, that the facts stated in the supplemental bill, to meet the grounds on which the Court dissolved the injunction, should have been inserted in the original bill by way of amendment, instead of being the subject of a distinct bill, because they are not merely in addition to those alleged in the original bill, but in contradiction of them. For, to make out a case of usury, the latter bill has to state the contract differently from the former, by distinctly charging, that the agreement was a corrupt one for usurious interest on a loan, and that the loans and reservation of rent were merely colourable, and, especially, it states that the allegations in the bill respecting the second sheriff’s sale were founded on mistake and are wholly untrue. Now, as a supplemental bill is, in its nature, merely in addition to the original bill, and, when it is not for further discovery merely, the cause is heard upon both bills together,
 
 Mit. Pl.
 
 33, and 69, it is obvious, that there would be an absurdity in a plaintiff’s asking, and in.the Court’s giving relief upon such inconsistent allegations — all remaining together in the pleadings. But it would be easy to in*
 
 *229
 
 troduce the truth, or the statement, by which the plaintiff would be willing to abide as the truth, into the case by way of amendment, because the amendment would begin by striking out what had been incorrectly stated and inserting in lieu thereof allegations of the opposite tenor.
 

 Upon the whole, then, the Court holds that the demurrer ought to have been sustained and the bill dismissed with costs, because, framed as it is, there are material and direct contradictions upon its face, and we do not see how the plaintiff could get a decree upon the two bills ; and, if that were not so, because the new parties might have been made and all the facts introduced by amendments to the original bill. This will be certified to the Court of Equity, and the plaintiff must pay the costs in this Court.
 

 Pe,r Curiam.
 

 Ordered accordingly.